**IN THE COURT OF APPEALS OF IOWA**

No. 19-0438
Filed May 15, 2019

**IN THE INTEREST OF D.W.,**
**Minor Child,**

**J.M., Mother,**
        Appellant.

_____


        Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Associate Juvenile Judge.


        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


        Stephanie A. Sailer of Sailer Law, PLLC, Cedar Falls, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Timothy Baldwin, Waterloo, guardian ad litem for minor child.


        Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination by clear and convincing evidence and termination is not in the child's best interests. She also argues the juvenile court erred in denying her request to continue placement of the child for an additional six months. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court removed the child from the mother's care and adjudicated the child to be in need of assistance (CINA) after law enforcement officers executing a search warrant in December 2017 found methamphetamine, marijuana, and drug paraphernalia in the bedroom the mother shared with the child. The mother pled guilty to child endangerment, possession of methamphetamine, and possession of marijuana, and the district court granted her a suspended sentence. The court revoked the mother's parole after her unsuccessful discharge from two substance-abuse programs due to noncompliance, continued use of methamphetamine and marijuana, and escape from a women's facility in November 2018.

The State filed a petition to terminate the mother's parental rights in December 2018. At the time of the February 2019 termination hearing, the mother was incarcerated and serving a two-year sentence. Although the mother's probation officer informed the case manager that the mother would need to serve one year of the sentence, the mother believed she would be eligible for parole in May 2019.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2018). We may affirm if we find grounds to terminate under one of those sections. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). Termination is appropriate under section 232.116(1)(f) if clear and convincing evidence establishes:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not dispute the first three elements for termination under section 232.116(1)(f) have been proved. She challenges the sufficiency of the evidence showing the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing").

The record shows the mother has been abusing marijuana and methamphetamine for twenty years, and the child tested positive for marijuana at birth in 2012. The mother failed to complete substance-abuse treatment and does not believe she needs it. She continues to use marijuana and methamphetamine, and she left marijuana and methamphetamine in a location where the child could access it. Even assuming the mother is granted parole in May 2019, the likelihood that she will return to using marijuana and methamphetamine is high in light of her

history.  *See In re L.L.*, 459 N.W.2d 489, 494 (Iowa 1990) (noting a parent's past performance may be indicative of the quality of care the parent is capable of providing in the future).  Because the mother's substance abuse puts the child at risk of adjudicatory harm, there is clear and convincing evidence to support terminating the mother's parental rights pursuant to section 232.116(1)(f).  *See In re D.M.J.*, 780 N.W.2d 243, 246-47 (Iowa Ct. App. 2010) (finding the child could not be returned to the mother's care where the mother continued to use illegal drugs and engage in criminal activities that resulted in her incarceration).

The mother contends termination of her parental rights is contrary to the child's best interests.  *See D.W.*, 791 N.W.2d at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights.").  In determining the child's best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child."  *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  The "defining elements in a child's best interest" are the child's safety and "need for a permanent home."  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother argues termination is contrary to the child's best interests due to the bond between them.  We disagree.  The mother's ongoing substance abuse presents harm to the child and prevents the mother from caring for the child safely.  Her involvement in illegal activity, which stems from her substance abuse, led to

the mother's incarceration, interfering with the parent-child bond and interrupting any sense of permanency the child has.

Finally, the mother argues the juvenile court erred in denying her a six-month extension of time to allow her to work toward reunification. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of a child for an additional six months). However, in order to delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* There is no basis for finding a six-month extension would eliminate the need for the child's removal. Although the mother believed she could be eligible for parole in May 2019 and released in June 2019, four months of the six-month extension would pass before her release. Only then could the mother begin to address concerns about her substance abuse. The remaining two months of time would be insufficient for the mother to demonstrate she can remain sober and provide a safe home for the child in light of her lengthy history of substance abuse.

Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also*

*In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The court must not deny the child permanency in the hope that the mother will one day be able to provide a safe and stable home for the child. *See In re A.M.*, 843, N.W.2d 100, 112 (Iowa 2014).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**